

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No: 2:18-CR-027 |
| v. | : | |
| | : | CHIEF JUDGE SARGUS |
| WILLIAM G. WEEKLEY | : | |
| | : | 18 U.S.C. §§ 2251(a) & (e) |
| and | : | 18 U.S.C. §§ 2251(d) & (e) |
| | : | 18 U.S.C. §§ 2252(a)(2) & (b)(1) |
| TIMOTHY F. SULLIVAN | : | 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2) |
| | : | 18 U.S.C. §§ 2253(a)(1) & (3) |
| | : | 18 U.S.C. § 2422(b) |
| | : | 18 U.S.C. §§ 2428(a)(1) & |
| | : | (b)(1)(A) |

**S U P E R S E D I N G**
**I N D I C T M E N T**

**UNDER SEAL**

**THE GRAND JURY CHARGES:**

**GENERAL ALLEGATIONS**

At all times relevant to this Superseding Indictment:

Jane Doe was a minor female, born in 2006, and resided in the Southern District of Ohio.

**WILLIAM G. WEEKLEY** was an adult male who resided in the Southern District of Ohio and utilized various online usernames and accounts, including, williamweekley1212@gmail.com and funforfun83. **WEEKLEY** also utilized a ZTE cellular phone, which had the capability to send and receive text (SMS) and picture (MMS) messages and to access the internet, and which was assigned the phone number 740-644-6520.

**TIMOTHY F. SULLIVAN** was an adult male who resided in the Southern District of Ohio and utilized an Apple i-Phone, which had the capability to send and receive text (SMS) and picture (MMS) messages and to access the internet, and which was assigned the phone number

614-271-5729.

**WEEKLEY** and **SULLIVAN** utilized the online classified advertisement website Craigslist to post and respond to advertisements in the personals section of the website that sought partners for various sexual activities and communications. Through their Craigslist activities, **WEEKLEY** and **SULLIVAN** made online contact with each other and others who shared, or whom they believed to share, their sexual interest in minors, incest and child pornography. After making initial contact through the Craigslist system, **WEEKLEY** and **SULLIVAN** engaged in ongoing communications with others regarding these interests via text (SMS) message and various online platforms.

**WEEKLEY** had regular access to Jane Doe, and informed others with whom he communicated online and via text message, including **SULLIVAN**, that he engaged in various sex acts with Jane Doe. During his sexual activities with Jane Doe, **WEEKLEY** used his ZTE cellular phone to create numerous sexually explicit images and videos of Jane Doe. **WEEKLEY** then sent these images, via online platforms and picture (MMS) messages, to individuals, including **SULLIVAN**, whom he had met through his Craigslist activities described above.

**SULLIVAN** engaged in e-mail communications with **WEEKLEY**, and in text and picture message communications with the phone number 740-644-6520. During these text and picture message conversations, **SULLIVAN** requested sexually explicit photographs of Jane Doe.

## COUNT ONE

On or about October 28, 2017, in the Southern District of Ohio, Defendant **WILLIAM G. WEEKLEY** did employ, use, persuade, induce, entice, and coerce a minor, specifically Jane Doe, an approximately 10-year-old female, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing and attempting to produce any visual

2

depiction of such conduct, to wit: one or more digital image and/or video files depicting Jane Doe engaged in sexually explicit conduct, including oral sexual intercourse, masturbation and the lascivious display of the genitalia; the production of such visual depictions using materials that had been mailed, shipped and transported in or affecting interstate and foreign commerce by any means, specifically a cellular phone that was manufactured in whole or in part outside of the state of Ohio.

In violation of 18 U.S.C. §§ 2251(a) & (e).

### COUNT TWO

On or about November 11, 2017, in the Southern District of Ohio, Defendant **WILLIAM G. WEEKLEY** did employ, use, persuade, induce, entice, or coerce a minor, specifically Jane Doe, an approximately 10-year-old female, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing or attempting to produce any visual depiction of such conduct, to wit: one or more digital image and/or video files depicting Jane Doe engaged in sexually explicit conduct, including anal sexual intercourse, masturbation and the lascivious display of the genitalia; the production of such visual depictions using materials that had been mailed, shipped and transported in or affecting interstate or foreign commerce by any means, specifically a cellular phone that was manufactured in whole or in part outside of the state of Ohio.

In violation of 18 U.S.C. §§ 2251(a) & (e).

### COUNT THREE

Between on or about December 13, 2017, and on or about December 16, 2017, in the Southern District of Ohio, Defendant **WILLIAM G. WEEKLEY** did employ, use, persuade, induce, entice, and coerce a minor, specifically Jane Doe, an approximately 11-year-old female,

to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing and attempting to produce any visual depiction of such conduct, to wit: one or more digital images depicting Jane Doe engaged in sexually explicit conduct, including oral and anal sexual intercourse, bestiality, masturbation and the lascivious display of the genitalia; the production of such visual depictions using materials that had been mailed, shipped and transported in and affecting interstate or foreign commerce by any means, specifically a cellular phone that was manufactured in whole or in part outside of the state of Ohio.

In violation of 18 U.S.C. §§ 2251(a) & (e).

### COUNT FOUR

Between on or about January 9, 2018, and on or about January 17, 2018, Defendant **WILLIAM G. WEEKLEY** did knowingly distribute one or more visual depictions using any means and facility of interstate and foreign commerce, including a cellular phone, the production of such visual depictions having involved the use of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and such depictions being of such conduct, to wit: digital image files depicting Jane Doe, an approximately 10 to 11-year-old female, engaged in oral sexual activity, bestiality, and the lascivious display of the genitalia.

In violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

### COUNT FIVE

On or about January 17, 2018, in the Southern District of Ohio, Defendant **WILLIAM G. WEEKLEY** did knowingly distribute, and Defendant **TIMOTHY F. SULLIVAN** did knowingly receive, one or more visual depictions using any means or facility of interstate or foreign commerce, including cellular phones, the production of such visual depictions having involved the use of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C.

4

§ 2256(2)(A), and such depictions being of such conduct, to wit: digital image files depicting Jane Doe, an approximately 11-year-old female, nude and lasciviously displaying her genitalia.

In violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

## COUNT SIX

Between on or about January 9, 2018, and on or about January 17, 2018, in the Southern District of Ohio, Defendant **WILLIAM G. WEEKLEY** did knowingly use a means or facility of interstate commerce, that is, a cellular phone and Internet-based communication platforms, to attempt to persuade, induce, entice, or coerce an individual who had not attained the age of 18 years, specifically an individual the defendant believed to be a 10-year-old female, to engage in sexual activity for which any person could be charged with a criminal offense, to wit, Ohio Revised Code § 2907.05, Gross Sexual Imposition, and 18 U.S.C. § 2251(a), Production of Child Pornography.

In violation of 18 U.S.C. § 2422(b).

## COUNT SEVEN

On or about January 17, 2018, in the Southern District of Ohio, Defendant **WILLIAM G. WEEKLEY** knowingly possessed matter, that is, digital files stored on a cellular phone that contained one or more visual depictions; and such visual depictions were produced using materials that had been shipped and transported in interstate and foreign commerce, the production of such visual depictions having involved the use of minors engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and such visual depictions being of such conduct, to wit: digital images files depicting Jane Doe, an approximately 10 to 11-year old

female, engaged in oral and anal sexual intercourse, bestiality, and the lascivious display of the genitalia.

In violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

## COUNT EIGHT

Between on or about January 17, 2018, and on or about January 29, 2018, Defendant **TIMOTHY F. SULLIVAN** did knowingly make and publish, and cause to be made and published, notices and advertisements seeking and offering to receive visual depictions, the production of such visual depictions involving the use of a minor, specifically, Jane Doe, an approximately 11-year-old female, engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and such visual depictions being of such conduct; and such notices and advertisements were transported using any means and facility of interstate and foreign commerce, by any means, including via cellular phones.

In violation of 18 U.S.C. §§ 2251(d)(1)(A), (2)(A), and (e).

## COUNT NINE

Between on or about January 17, 2018, and on or about January 29, 2018, Defendant **TIMOTHY F. SULLIVAN**, did use a means or facility of interstate commerce, that is, a cellular phone and Internet-based communication platforms, to attempt to persuade, induce, entice, or coerce an individual who had not attained the age of 18 years, specifically an individual who was, and whom the defendant believed to be, an 11-year-old female, to engage in sexual activity for which any person could be charged with a criminal offense, to wit, Ohio Revised Code § 2907.05, Gross Sexual Imposition, and 18 U.S.C. § 2251(a), Production of Child Pornography.

In violation of 18 U.S.C. § 2422(b).

## FORFEITURE COUNT A

The allegations contained in Counts One through Five and Seven of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 2253.

As a result of the offenses alleged in Counts One through Five and Seven of this Superseding Indictment, and upon conviction thereof, Defendant **WILLIAM G. WEEKLEY** shall forfeit to the United States:

   a. All matter containing any visual depiction described in the allegations contained in Counts One through Five and Seven of this Superseding Indictment; and

   b. All property used or intended to be used to commit and to promote the commission of the aforementioned violations in Counts One through Five and Seven of this Superseding Indictment, including but not limited to the following:

      i. Miscellaneous sexual paraphernalia; and

      ii. One ZTE cellular phone, model N9519, MEID # 256691570301071363.

In violation of 18 U.S.C. §§ 2253(a)(1) and (3).

## FORFEITURE COUNT B

The allegations contained in Count Six of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 2428.

As a result of the offense alleged in Count Six of this Superseding Indictment, and upon conviction thereof, Defendant **WILLIAM G. WEEKLEY** shall forfeit to the United States:

    a. All property used or intended to be used to commit or to promote the commission of the aforementioned violation in Count Six of this Superseding Indictment, including but not limited to the following:

        i. One ZTE cellular phone, model N9519, MEID # 2566915703010713 63.

In violation of 18 U.S.C. §§ 2428(a)(1) and (b)(1)(A).

### FORFEITURE COUNT C

The allegations contained in Counts Five and Eight of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 2253.

As a result of the offenses alleged in Counts Five and Eight of this Superseding Indictment, and upon conviction thereof, Defendant **TIMOTHY F. SULLIVAN** shall forfeit to the United States:

    a. All matter containing any visual depiction described in the allegations contained in Counts Five and Eight of this Superseding Indictment; and

    b. All property used or intended to be used to commit and to promote the commission of the aforementioned violations in Counts Five and Eight of this Superseding Indictment, including but not limited to the following:

        i. i. One Apple i-Phone, model MG6A2LL/A, serial number DNQP29FEG5MP.

In violation of 18 U.S.C. §§ 2253(a)(1) and (3).

8

## FORFEITURE COUNT D

The allegations contained in Count Nine of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 2428.

As a result of the offense alleged in Count Nine of this Superseding Indictment, and upon conviction thereof, Defendant **TIMOTHY F. SULLIVAN** shall forfeit to the United States:

    b. All property used or intended to be used to commit or to promote the commission of the aforementioned violation in Count Nine of this Superseding Indictment, including but not limited to the following:

        i. One Apple i-Phone, model MG6A2LL/A, serial number DNQP29FEG5MP.

In violation of 18 U.S.C. §§ 2428(a)(1) and (b)(1)(A).

A TRUE BILL.

s/ Foreperson
FOREPERSON

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

HEATHER A. HILL (IL 6291633)
Assistant United States Attorney

S. COURTER SHIMEALL (0090514)
Assistant United States Attorney