UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                Case No. 2:18-CR-27
                                CHIEF JUDGE EDMUND A. SARGUS, JR.

WILLIAM G. WEEKLEY (1),

        and

TIMOTHY F. SULLIVAN (2),

        Defendants.

## OPINION AND ORDER

This matter is before the Court on the United States of America's (the "United States" or

the "Government") Motion for Joinder of Defendants Weekley and Sullivan's Cases for Trial

(ECF No. 106) and Sullivan's Response in Opposition of Joinder (ECF No. 108). For the reasons

that follow, the Government's Motion (ECF No. 106) is **GRANTED.**

### I.

On August 23, 2018, a Grand Jury for the Southern District of Ohio returned a thirteen-

count Second Superseding Indictment charging four individuals—William G. Weekley

("Weekley"), Timothy F. Sullivan ("Sullivan"), Franklin Eugene Perry ("Perry"), and Brian S.

Perkins ("Perkins")—with child pornography and child exploitation offenses. (*See* 2d Super.

Indict. [ECF No. 50]). The Second Superseding Indictment and Defendants' Redacted Complaints

allege the following.

Law enforcement arrested Weekley in January 2018, following an investigation into the alleged sexual abuse of an approximately 11-year-old female ("Jane Doe"). (*See* Weekley Redacted Compl. [ECF No. 5]). The investigation began after Weekley communicated his sexual exploitation of Jane Doe to an undercover agent. (*Id.*). Following Weekley's arrest, law enforcement discovered communications between Weekley and Sullivan on Weekley's cell phone. (Sullivan Redacted Compl. [ECF No 47]). In these communications, Weekley and Sullivan discussed the sexual abuse of Jane Doe and Weekley sent explicit photographs of Jane Doe to Sullivan. (*Id.*). Additional communications show that Sullivan had requested to meet with Weekley so that the two could sexually abuse Jane Doe together. (*Id.*). Law enforcement subsequently arrested Sullivan in early March 2018.

Continued government investigations uncovered communications between Weekley and several other individuals regarding the sexual exploitation of Jane Doe. (*See* Perry Redacted Compl. [ECF No. 48]; *see also* Perkins Redacted Compl. [ECF No. 49]). Perry communicated with Weekley through "email, phone calls, text messages, and chats on the mobile application Wickr." (2d Super. Indict. at 3). In addition to discussing Weekley's sexual abuse of Jane Doe, Perry also made plans to sexually abuse Jane Doe with Weekley. (*See* Perry Redacted Compl.). Perkins also discussed Weekley's sexual activity with Jane Doe via email communications with Weekley. (*See* Perkins Redacted Compl.). Perkins likewise requested illicit photographs of Jane Doe and asked to meet with Jane Doe for the purpose of committing sexual abuse. (*Id.*). Perry and Perkins were arrested in August 2018.

On October 19, 2018, this Court granted Sullivan and Perry's motions to sever their cases from the other Defendants. (*See* Oct. 19, 2018 Op. & Ord. [ECF No. 64]). In granting Sullivan and Perry's motions, the Court found that joinder under Rule 8(b) was improper as Sullivan and

Perry were accused of committing independent crimes which involved Weekley as a common third party. (*Id.* at 6).

Since the Court granted Sullivan and Perry's request to sever, two defendants have pleaded guilty to conduct charged in the Second Superseding Indictment. On November 15, 2018, Perkins came before the Court and entered a plea of guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count 10) and Forfeiture Count E of the Second Superseding Indictment. (*See* Nov. 15, 2018 Min. Entry [ECF No. 81]). On January 24, 2019, Perry pleaded guilty to coercion or enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b) (Count 7) and Forfeiture Count G of the Second Superseding Indictment. (*See* Jan. 24, 2019 Min. Entry [ECF No. 102]). Thus, charges remain pending against only Weekley and Sullivan.[1]

The Second Superseding Indictment charges Weekley with: three counts of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) & (e) (Counts 1–3); one count of attempted coercion or enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b) (Count 4); three counts of distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Counts 5, 10,[2] and 11[3]); and one court of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). (2d Super. Indict. at 3–5).

---

[1] Per Perry and Perkins' respective Plea Agreements, the Government will seek to dismiss the remaining charges against Perry and Perkins in the Second Superseding Indictment at the entry of final judgment. (*See* Mot. for Joinder at 2 [ECF No. 106]).

[2] Count 10 of the Second Superseding Indictment charges Weekley with distributing child pornography to Perkins, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) and 18 U.S.C. § 2. (2d Super. Indict. at 8). In its motion for joinder, the Government states that it "anticipates that, if [the motion for joinder] is granted, [the Government] will also move to dismiss Count 10 as it pertains to Weekley." (Mot. for Joinder at 2 n. 1). As noted *supra*, Perkins has pleaded guilty to Count 10 of the Second Superseding Indictment.

[3] Count 11 of the Second Superseding Indictment charges Weekley with distribution of and Sullivan with receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and 18 U.S.C. § 2. (2d Super. Indict. at 8).

3

Sullivan is charged with: one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Count 11[4]); one count of making a notice or advertisement seeking to receive child pornography, in violation of 18 U.S.C. § 2251(d)(1)(A), (2)(A), and (e) (Count 12); and one count of attempted coercion or enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b) (Count 13). (2d Super. Indict. at 8–9). The Second Superseding Indictment also contains Forfeiture Counts against both Weekley and Sullivan. (*Id.* at 10–12).

The Government now asks the Court to join Weekley and Sullivan for trial purposes. (*See generally* Mot. for Joinder [ECF No. 106]). The Government submits that, given Perkins and Perry's entrance of guilty pleas, the Federal Rules of Criminal Procedure permit joinder of the remaining defendants, Weekley and Sullivan. (*See id.* at 2). Weekley defers to the Court's judgment on this matter and has not submitted briefing opposing joinder. Sullivan opposes joinder. (*See generally* Resp. in Opp'n [ECF No. 108]).

## II.

Rule 13 of the Federal Rule of Criminal Procedure provides that "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13. "Rule 13 raises the threshold question of whether the charges and defendants could have been charged together under Rule 8." *United States v. Dimora*, Nos. 1:10CR387, 1:10CR491, 2011 WL 6318395, at *3 (N.D. Ohio Dec. 16, 2011) (citing *United States v. Halper*, 590 F.2d 422, 428 (2d Cir. 1978)).

---

[4] As noted *supra*, Count 11 charges both Weekley and Sullivan, Weekley with distribution of the child pornography and Sullivan with receipt of such pornographic material. *See supra*.

Federal Rule of Criminal Procedure 8(b) governs joinder of defendants. *See* Fed. R. Crim. P. 8(b). Rule 8(b) states: "The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." *Id.* "[T]he predominant consideration is whether joinder would serve the goals of trial economy and convenience; the primary purpose of this kind of joinder is to ensure that a given transaction need only be proved once." *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987). If a group of acts or transactions are "logically interrelated[,]" then defendants are considered to have participated in the "same series of acts or transactions." *United States v. Johnson*, 763 F.2d 773, 776 (6th Cir. 1985); *see also Swift*, 809 F.2d at 322.

In the federal system, the courts prefer joint trials as they promote efficiency and diminish the likelihood of inconsistent verdicts. *See United States v. Lane*, 474 U.S. 438, 449 (1986); *Richardson v. Marsh*, 481 U.S. 200, 210 (1987). Joint trials also null concerns of the "last-tried defendants" having "the advantage of knowing the prosecution's case beforehand[.]" *Richardson*, 481 U.S. at 210. Additionally, joint trials preclude a victim from having to testify twice. *Richardson*, 481 U.S. at 210.

But while there is a preference to jointly try cases properly joined under Rules 8(b) and 13, Rule 14 of the Federal Rules of Criminal Procedure imposes limitations and provides relief from prejudicial joinder. *See* Fed. R. Crim. P. 14. Under Rule 14, "[i]f the joinder of . . . defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). However, Rule 14 does not mandate severance to

5

remedy prejudicial joinder. Rather, the text of Rule 14 expressly provides that a judge "may provide any other relief that justice requires." *See id.* In *Zafiro v. United States*, 506 U.S. 534 (1993), the United States Supreme Court held that a district court should only sever defendants properly joined under Rule 8(b) "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, at 539. Further, while when "[t]he risk of prejudice is high," severance is more likely to be necessary, in other situations, there are "less drastic measures," like motions *in limine* and limiting instructions that "will suffice to cure any risk of prejudice." *Id.* (citing *Richardson*, 481 U.S. at 211 (holding that it does not violate the Confrontation Clause to admit "a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.").

### III.

As aforementioned, the Court previously ordered that Sullivan's trial be severed from his co-defendants. (*See* Nov. 15, 2018 Op. & Ord.). However, the Government submits that "key circumstances in this case have changed[,]" and that separate trials are no longer warranted as Sullivan and Weekley can be properly joined under Rule 8(b). (*See* Mot. for Joinder at 2). Sullivan maintains that consolidating his trial with Weekley's will result in undue prejudice to Sullivan and, as such, the trials should remain severed. (Resp. in Opp'n at 1). After consideration of the parties' briefs and the arguments advanced during the March 4, 2019 motion hearing, the Court agrees with the Government.

### A.     Joinder is permitted under Rule 8

The Court must first consider whether joinder is permitted under Rules 8(b) and 13 of the Federal Rules of Criminal Procedure. The Government contends that the Rules allow joinder because: 1) the cases could have been brought in a single indictment, and 2) Weekley and Sullivan engaged in the "same act or transaction, or in the same series of acts are transactions," Fed. R. Crim. P. 8(b), and that the charges "involve overlapping proof," *Swift*, 809 F.2d at 322. (Mot. for Joinder at 4–6). Further, the Government submits that joinder is authorized given that Weekley and Sullivan are both charged in Count 11 of the Second Superseding Indictment. (*Id.* at 6). Sullivan concedes that Rule 8(b) permits joinder of his and Weekley's trials given the overlapping allegations contained in Count 11. (*See* Resp. in Opp'n at 7).

The Federal Rules of Criminal Procedure permit joinder. First, Count 11 of the Second Superseding Indictment charges both Weekley and Sullivan. (2d Super. Indict. At 8). Second, Weekley and Sullivan are alleged to have participated in logically interrelated transactions: Weekley allegedly distributed child pornography to Sullivan (Count 11); Sullivan allegedly asked for images of Weekley's abuse of Jane Doe that Weekley allegedly produced and possessed (Count 12); and through his conversations with Weekley (and later an undercover agent posing as Weekley), Sullivan allegedly attempted to entice Jane Doe to engage in illegal sexual activity (Count 13). (*See* 2d Super. Indict.). As such, the Court finds that the alleged group of transactions between Sullivan and Weekley are "logically interrelated" and that joinder is permitted under Federal Rule of Civil Procedure 8.

**B.    Joinder is not improper under Rule 14**

The Court now turns to whether joinder of Sullivan and Weekley's trials would result in undue prejudice and render improper an otherwise permitted joinder. Sullivan contends that joinder will necessarily and irrevocably prejudice him and has the potential to violate the

7

Confrontation Clause. (Resp. in Opp'n at 3–6). The Government's use of Weekley's communications with the undercover agent, Sullivan argues, would be inadmissible in a trial in which he was the sole defendant as: 1) such communications would not survive Federal Rule of Evidence 403's balancing test because the communications' probative value is substantially outweighed by their prejudicial effect; (*Id.* at 3–5); and 2) even if such communications were relevant, the evidence potentially violates Sullivan's constitutional right "to be confronted with the witnesses against him;" U.S. Const. amend. VI; (Resp. in Opp'n at 5–6). Sullivan also submits that a joint trial will result in prejudice because the jury will "confuse and conflate" the evidence against Weekley as evidence against himself. (Resp. in Opp'n at 3).

The Government avers that evidence regarding Weekley's production of child pornography would be admissible in Sullivan's trial regardless of whether his trial was joined with Weekley's. (Mot. for Joinder at 6–7). Specifically, the Government contends that Weekley's production of child pornography is part of the same story as Sullivan's receipt of that pornography and is admissible as part that narrative. Additionally, the Government notes that a joint trial would promote judicial economy and save the minor victim from having to twice testify about these "heinous allegations at issue." (*Id.* at 5–6).

Accordingly, the issue before the Court is whether trying an alleged recipient of child pornography together with the alleged producer of such child pornography results in an undue prejudice such that joinder is improper. The Court notes that such a finding must be made on a case-by-case basis, turning on the facts of each specific case. Looking at the facts of the case at bar, the Court finds that the facts weigh in favor of a joint trial.

Turning first to Sullivan's argument that certain evidence admissible in a trial against Weekley would not survive the Rule 403 balancing test, the Court finds such argument

unpersuasive. Sullivan relies on *Zafiro*, arguing that spillover evidence such as proof "of a codefendant's wrongdoing in *some circumstances* erroneously could lead a jury to conclude that a defendant was guilty." *Zafiro*, 506 U.S. at 539 (emphasis added). The *Zafiro* Court went on to state that the risk of prejudiced is heightened "in a complex case" when the defendants "have markedly different degrees of culpability[.]" *Id.* (citing *Kotteakos v. United States*, 328 U.S. 750, 774–75 (1946)).

However, while the accusations against both Sullivan and Weekley are inflammatory, the heinous nature of the allegations does not necessitate separate trials, and the case at bar is distinguishable from the "complex case" that the *Zafiro* Court discussed. In *Kotteakos*, the case cited by the *Zafiro* Court, the defendants developed a complex scheme to defraud the federal government and, at trial, thirteen defendants were submitted to the jury. *Kotteakos*, 328 U.S. at 752–53. But the evidence supported the finding of eight distinct conspiracies with a common "key figure," and that several of the "defendants did not have any relationship with one another." *Id.* at 753–55. Accordingly, the Supreme Court found that joinder was improper as the evidence proved at least eight distinct conspiracies rather than one general conspiracy. *Id.* at 752, 774–75.

There are no such complexities in the case at bar. Currently there are only two defendants proceeding to trial in this matter and they allegedly had a relationship. Weekley and Sullivan are alleged to have directly communicated about the sexual exploitation of Jane Doe to one another. Further, while the Government does not allege a conspiracy, the Government submits that Weekley and Sullivan's child pornography and exploitation charges relate to one individual, Jane Doe. (*See* Mot. for Joinder at 4–5). As such, it is no longer the case that one defendant is unaware of the other's existence. Thus, the Court does not view this case as especially complex so as to necessitate severance. While the Court acknowledges that Weekley is alleged to have committed

a more serious violation than Sullivan, the evidence is being submitted "for evidentiary richness and narrative integrity in presenting [the] case." *Old Chief v. United States*, 519 U.S. 172, 183 (1997). Therefore, at this time the Court finds that the prejudice to Sullivan of admitting evidence concerning Weekley's production of the illicit images does not substantially outweigh such evidence's probative value. *See* Fed. R. Evid. 403; *see also Old Chief*, 519 U.S. at 189.[5]

Likewise, the Court finds equally unpersuasive Sullivan's argument that certain communications between Weekley and law enforcement could potentially violate the Confrontation Clause. Sullivan relies on the findings in *Bruton* to support his assertion that a joint trial will be unduly prejudicial, arguing that:

> A defendant may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant. The prejudice cannot be dispelled by cross-examination if the co-defendant does not take the stand. Limiting instructions as to the jury may not in fact erase the prejudice. * * *

*Bruton*, 391 U.S. at 132; (Resp. in Opp'n at 5–6). Relying on the Supreme Court's findings in *Richardson*, the Court disagrees. The *Richardson* Court declined to extend the *Bruton* rule and held "that the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson*,

---

[5] Notably, the *Old Chief* Court stated:

> [T]he accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense. A syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it. People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard. A convincing tale can be told with economy, but when economy becomes a break in the natural sequence of narrative evidence, an assurance that the missing link is really there is never more than second best.

*Old Chief*, 519 U.S. at 189.

481 U.S. at 211. In his opposition brief, Sullivan does not draw the Court's attention to any specific statements that Weekley made to the undercover agent that would violate the Confrontation Clause. (*See generally* Resp. in Opp'n). As such, currently, the Court presumes that redactions or other measures short of severance are available to cure the potential prejudice to Sullivan.

Sullivan also submits that a joint trail will lead to prejudice as Sullivan and Weekley are accused of similar "extremely offensive conduct" that allegedly took place close in time. (Resp. in Opp'n at 3). The jury will, according to Sullivan, consider evidence that is only admissible against Weekley, against Sullivan as well. But a jury is presumed to follow the Court's instructions. *See e.g. Richardson*, 481 U.S. at 211. Thus, the Court must presume that the jury will follow any limiting instructions the Court finds appropriate.

In reaching this conclusion, the Court is cognizant of Sullivan's concerns that joinder of his trial with Weekley's will result in prejudice. However, the Court notes that, in this case, the reasons for joining—promoting judicial economy; requiring the minor victim to only testify once; and avoiding potentially inconsistent verdicts—outweigh Sullivan's desire for severance. Any potential prejudice that joinder may cause can be cured by less drastic means than severance, such as motions *in limine* and limiting instructions to the jury.

### IV.

For the foregoing reasons, the Government's Motion for Joinder of Weekley and Sullivan's Cases for Trial (ECF No. 106) is **GRANTED**.

**IT IS SO ORDERED.**

3 - 12 - 2019
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

11