# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                             **CASE NO.: 2:18-CR-27(2)**
                                                                 **JUDGE EDMUND A. SARGUS, JR.**

**TIMOTHY F. SULLIVAN,**

      **Defendant.**

## OPINION AND ORDER

The instant matter is before the Court for consideration of a motion for compassionate release filed by Defendant Timothy Sullivan ("Defendant"). (ECF No. 243). The Government filed a response in opposition. (ECF No. 247), and the time for filing a reply has expired. For the reasons that follow, Defendant's motion for compassionate release is **DENIED without Prejudice** (ECF No. 243).

## I

On August 23, 2018, a grand jury returned a second superseding indictment that charged Defendant with receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1) and 18 U.S.C. § 2 ("Count Eleven"), advertising for child pornography, in violation of 18 U.S.C. § 2251(d)(1)(A), (2)(A), and (e) ("Count Twelve"), and attempted coercion or enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b) ("Count Thirteen"). (ECF No. 50 at 8-9).

On March 27, 2019, Defendant entered into a plea agreement pursuant to Rule 11(c)(1)(C), whereby he agreed to plead guilty to Count Thirteen. (ECF No. 124). Less than a week later, on

April 2, 2019, Defendant entered his plea of guilty according to the terms of his plea agreement. (ECF Nos. 125, 126).

Defendant then appeared before the undersigned on November 7, 2019, where he was sentenced to 138 months of imprisonment minus time served on Count Thirteen, as well as 7 years of supervised release on Count Thirteen. (ECF Nos. 207, 213). On May 28, 2020, Defendant filed a motion for compassionate release, which is the subject of this Opinion and Order. (ECF No. 243).

## II

### A. Standard

Title 18, United States Code, Section 3582(c)(1)(A)(i), as amended by the First Step Act on December 21, 2018, states that a court may modify a term of imprisonment:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

### B. Arguments

Defendant argues that the Court should grant his motion for compassionate release in light of the dangers posed by the ongoing COVID-19 pandemic. (ECF No. 243 at 1). Specifically, Defendant argues that his facility, FCI Elkton, has been distinctively impacted by COVID-19, in that the facility has reported a number of infections that far exceeds the norm for BOP institutions. (*Id.* at 1-2). In that same vein, Defendant avers that the risk of contracting COVID-19 is amplified

in FCI Elkton due to overcrowding and a lack of medical resources. (*Id.* at 2-4). Defendant also claims that he has several pre-existing medical conditions that could cause him to contract a severe case of COVID-19. (*Id.* at 5-6). Lastly, Defendant avers that compassionate release is appropriate at this juncture because he needs to return home to his family, where he will serve as a caregiver for his grandparents, aunt and son. (*Id.* at 6).

In response, the Government argues that Defendant's requests for compassionate release should be denied because he has not shown exhaustion of his administrative remedies. (*See* ECF No. 247). Specifically, the Government highlights that the exhaustion requirements outlined in 18 U.S.C. § 3582(c)(1)(A) are mandatory and jurisdictional. (*Id.* at 1). As such, the Government avers that this Court cannot make a ruling on Defendant's motion until he demonstrates exhaustion of his administrative remedies. (*Id.* at 1-2). This Court agrees.

    i.    **Exhaustion**

Under 18 U.S.C. § 3582(c)(1)(A), an inmate may move the court for a compassionate release after certain statutory exhaustion requirements have been met. Specifically, a court may consider an inmate's motion for compassionate release after the inmate has fully exhausted his administrative rights or after thirty days have passed from the warden's receipt of a request to move on the inmate's behalf for a reduction in sentence, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has explained that these requirements are mandatory, so an inmate must satisfy them before seeking a compassionate release. *See United States v. Alam*, Case No. 20-1298, 2020 U.S. App. LEXIS 17321, at * 5-7 (6th Cir. 2020).

As a fundamental matter, Defendant does not argue that he exhausted his statutory remedies. The record is also silent on whether Defendant complied with the statutory exhaustion requirements. Absent a showing of exhaustion, this Court cannot rule on Defendant's requests for

compassionate release. As such, the Court must deny Defendant's motion for compassionate release without prejudice. *See Alam*, 2020 U.S. App. LEXIS 17321, at * 5-7, *see also United States v. Fox,* Case No. 1:13-CR-7*,* 2020 U.S. Dist. LEXIS 116737, at * 3-4 (S.D. Ohio June 30, 2020) (denying motion for compassionate release for failure to exhaust administrative remedies); *see also United States v. Patton*, Case No. 5:09-CR-17-JMH-EBA-1, 2020 U.S. Dist. LEXIS 112355 (E.D. Ky. June 26, 2020); *see also United States v. Whitsell,* Case No. 09-CR-20236*,* 2020 U.S. Dist. LEXIS 117586, at * 10 (E.D. Mich. July 6, 2020).

### III

For the reasons set forth above, Defendant's motion for a compassionate release is **DENIED without Prejudice**. (ECF No. 243). Defendant may refile his motion for compassionate release once he can demonstrate exhaustion of his administrative remedies in accordance with 18 U.S.C. § 3582(c)(1)(A).

**IT IS SO ORDERED.**

**8/25/2020**             **s/Edmund A. Sargus, Jr.**
**DATED**             **EDMUND A. SARGUS, JR.**
            **UNITED STATES DISTRICT JUDGE**