**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                   Case No.: 2:18-CR-27
                                                      JUDGE EDMUND A. SARGUS, JR.

**WILLIAM G. WEEKLEY,** *et al.***,**

      **Defendant.**

## OPINION AND ORDER

This case is before the Court to determine restitution following the restitution hearing held on June 4, 2020. (ECF No. 246.) Defendants Franklin Perry ("Perry") and Brian Perkins ("Perkins") do not oppose the victim's ("Jane Doe") restitution request. Defendant William G. Weekley ("Weekley") has already agreed to restitution with the Government, and the Court has authorized the Agreed Order. (Case No. 2:18-cr-0027(1), ECF No. 245.)

Defendant Timothy Sullivan ("Sullivan") objects to the restitution requested by Jane Doe and the Government. (ECF No. 235.) The Government (ECF No. 238) and Jane Doe (ECF No. 241) have responded to Sullivan's objections. Sullivan has replied to both the Government and Jane Doe. (ECF Nos. 239, 242.) The Court heard argument from the parties at the June 4, 2020 restitution hearing. For the following reasons, the Court **DENIES** Sullivan's objections. Defendant Perry is **ORDERED** to pay restitution in the amount of $111,000. Defendant Perkins is **ORDERED** to pay restitution in the amount of $50,000. Defendant Sullivan is **ORDERED** to pay restitution in the amount of $50,000.

1

**I.**

This restitution order concerns Defendants Perry, Perkins, and Sullivan. The three co-defendants were all convicted after an investigation into the sexual abuse of Jane Doe perpetrated by Defendant Weekley. Because the Court has already ordered Weekley to pay restitution, the Court will not recount Weekley's conduct in detail. Weekley pleaded guilty to several sexual exploitation and child pornography offenses. The Court sentenced Weekley to 480 months' imprisonment for his convictions.

Law enforcement arrested Weekley in January 2018, following an investigation into the sexual abuse of his minor step-daughter, Jane Doe, who was approximately 11-years-old when the sexual abuse occurred. The investigation into Weekley began after Weekley communicated his sexual abuse of Jane Doe to an undercover agent, to whom Weekley also sent images of his sexual abuse of Jane Doe. Following Weekley's arrest, law enforcement examined his cellphone and discovered that Weekley had communicated his sexual abuse of Jane Doe to his co-defendants: Perry, Perkins, and Sullivan. Following an investigation into Defendants, a Grand Jury for the Southern District of Ohio returned a Second Superseding Indictment on August 23, 2018, which charged the four Defendants with various child pornography and exploitation offenses.

The Government's investigation into Perry revealed that Perry first contacted Weekley in September of 2017 in response to an ad Weekley posted on Craigslist. Perry and Weekley discussed Weekley's sexual abuse of Jane Doe and made plans for Perry to travel to Weekley's residence to engage in sexual abuse of Jane Doe alongside Weekley. Perry eventually traveled to Weekley's residence and sexually abused Jane Doe one time. A forensic examination of Perry's phone also revealed a pornographic image of Jane Doe that did not resemble any images taken from Weekley's phone. Perry pleaded guilty to Coercion or Enticement of a Minor to Engage in

Illegal Sexual Activity, in violation of 18 U.S.C. § 2422(b). The Court sentenced Perry to 288 months' imprisonment for this conviction.

The investigation into Perkins revealed that Perkins first contacted Weekley in December of 2017 in response to an ad Weekley posted on craigslist. Perkins and Weekley exchanged emails in which Perkins solicited photographs of Weekley's abuse of Jane Doe, requested that Weekley take photographs specifically for Perkins, and described in graphic detail other ways in which Weekley could abuse Jane Doe. Weekley sent photographs to Perkins depicting his ongoing abuse of Jane Doe in December of 2017 and January 2018. Perkins and Weekley also discussed plans for Perkins to meet with Weekley and Jane Doe describing the ways the two men would abuse Jane Doe together. Perkins pleaded guilty to Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2). The Court sentenced Perkins to 138 months' imprisonment for this conviction.

The investigation into Sullivan revealed that he began communicating with Weekley on January 17, 2018 after Weekley responded to a craigslist ad Sullivan posted. At Sullivan's request, Weekley sent Sullivan several images depicting his sexual abuse of Jane Doe. Sullivan then suggested meeting with Weekley so that he could join Weekley's abuse of Jane Doe. Sullivan described the ways in which the two men could abuse Jane Doe together. Weekley was apprehended shortly after, but Sullivan continued to communicate through mid-February 2018 with an undercover agent whom Sullivan believed to be Weekley. Sullivan repeatedly attempted to arrange a meeting with Weekley so that he could sexually abuse Jane Doe. Sullivan pleaded guilty to Attempted Coercion or Enticement of a Minor to Engage in Illegal Sexual Activity in violation of 18 U.S.C. § 2422(b). The Court sentenced Sullivan to 138 months' imprisonment for this conviction.

The matter is now before the Court for restitution. During this case, the Court appointed attorney Lorie L. McCaughan as Jane Doe's guardian *ad litem* pursuant to 18 U.S.C. § 3509(h).[1] After the Court appointed Ms. McCaughan, she retained two psychologists to perform an evaluation of Jane Doe, which the Court concluded was necessary and appropriate. (ECF No. 237.) The psychologists retained by Ms. McCaughan performed a thorough evaluation of Jane Doe and concluded that Jane Doe suffers from Post-Traumatic Stress Disorder as a result of the abuse the Defendants perpetrated. The psychologists also made several recommendations to help Jane Doe psychologically recover. The psychologists estimated that the total calculated cost of implementing these recommendations amounts to approximately $411,000. Based on this calculation, Jane Doe and the Government have requested a total amount of $411,000 in restitution from the Defendants.

Jane Doe and the Government have requested that the Court apportion liability for the $411,000 among each Defendant relative to his causal role in Jane Doe's total damages. All Defendants in this case agreed to restitution in their plea agreements, and the Court has already authorized an Agreed Order ordering Defendant Weekley to pay $200,000 of this total. (Case No. 2:18-cr-0027(1), ECF No. 245.) To cover the remaining $211,000, Jane Doe and the Government request $111,000 from Perry, $50,000 from Perkins, and $50,000 from Sullivan.

The Court held a hearing on June 4, 2020 to determine restitution regarding Perry, Perkins, and Sullivan. Perry and Perkins do not object to the amount of restitution requested. Sullivan has objected to restitution. The Court did not order restitution at the hearing and instead indicated that an Opinion and Order would follow.

---

[1] Ms. McCaughan's representation has been exceptional, and the Court commends her for her admirable work representing Jane Doe in this difficult case.

## II.

. Only Defendant Sullivan objects to the restitution Jane Doe and the Government have requested.  Thus, the Court will address Sullivan's objections before ordering restitution for all three remaining Defendants.

### A. Sullivan's Objections

Sullivan makes two objections.  First, Sullivan disputes whether the Court has authority to order him to pay restitution.  Second, Sullivan objects to the amount of restitution requested and contends that a much lower total is appropriate as to him.

#### 1. Objection to Court's Authority to Order Restitution

Federal courts "have no inherent power to award restitution[.]" *United States v. Sexton*, 894 F.3d 787, 799 (6th Cir. 2018) (citing *United States v. Evers*, 669 F.3d 645, 655–56 (6th Cir. 2012)) (internal quotations omitted).  Restitution orders are "proper only when and to the extent authorized by statute." *Id.*  Sullivan points out that the victim and the Government have argued for restitution under three different statutory provisions: 18 U.S.C § 2259; 18 U.S.C. § 3663A; and 18 U.S.C. § 3663(a)(3).  Jane Doe first requested restitution under § 2259.  Section 2259 provides for mandatory restitution from defendants convicted of trafficking in child pornography.  *See id.*  After Sullivan responded in opposition, Jane Doe replied and instead argued that restitution was proper under § 3663A, which requires mandatory restitution for victims of, among other crimes, a "crime of violence" as defined by 18 U.S.C. § 16.  (ECF No. 241 at 4.)  The Government has requested that the Court order Sullivan to pay restitution under § 3663(a)(3), which states that the "court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." *Id.*

5

Sullivan contends that restitution is not proper through any of these statutory vehicles. The Court disagrees. The Court has authority under 18 U.S.C § 3663(a)(3) to order Sullivan to pay restitution because Sullivan expressly agreed to pay restitution in his plea agreement. The amended Victim and Witness Protection Act of 1982 ("VWPA") provides that a court "may order" a defendant convicted of certain enumerated offenses to pay restitution to "any victim of such offense[.]" § 3663(a)(1)(A). Sullivan's offense of conviction—18 U.S.C. § 2422(b)—is not one of the offenses covered by § 3663(a)(1)(A). However, the VWPA goes on to state that: "The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." § 3663(a)(3).

Sullivan argues that, despite the broad language of § 3633(a)(3) and the plea agreement, the court lacks authority to order restitution under the VWPA. (ECF No 235 at 4.) In support, Sullivan relies on § 3663(b)(2) of the VWPA, which states:

"The court may require that such defendant—

(2) in the case of an offense resulting in bodily injury to a victim including an offense under chapter 109A or chapter 110—

   (A) pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   (B) pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   (C) reimburse the victim for income lost by such victim as a result of such offense;"

*Id.* Sullivan reads this section as limiting the Court's authority under the VWPA to order restitution only for offenses under Chapter 109A or Chapter 110, because those are the only two

chapters enumerated in § 3663(b)(2). (ECF No. 235 at 4.) Under Sullivan's interpretation, then, § 3663(a)(3) means that plea agreement can only broaden a defendant's obligation to pay restitution for a conviction under Chapter 109A or 110 (*Id.*) But, because Sullivan was convicted of an offense under Chapter 117, § 3663(a)(3) does not give the Court authority to order restitution in this case despite Sullivan agreeing to pay restitution in the plea agreement. (*Id.*)

Despite Sullivan's arguments to the contrary, the plain meaning of § 3663(a)(3) clearly confers authority upon this Court to impose restitution. Start with the text. Subsection 3663(a)(1)(A) lists various offenses for which the court "may order … that the defendant make restitution to any victim of such offense[.]" § 3663(a)(1)(A). Stated differently, § 3663(a)(1)(A) gives a court discretion to order restitution for the class of enumerated offenses *regardless of* any plea agreement. Subsection (a)(3) then follows: "The court *may also* order restitution in *any criminal case* to the *extent agreed to by the parties in a plea agreement*." *Id.* § 3663(a)(3) (emphasis added). Nowhere in the statute did Congress restrict or qualify the phrase "any criminal case[.]" *Id.* Thus, the Court has authority to order restitution to the extent Sullivan agreed in his plea agreement because Sullivan's conviction falls within the scope of the phrase "any criminal case[.]" *Id.*; *see also United States v. Lexington Wholesale Co., Inc.*, 71 F. App'x 507, 509 (6th Cir. 2003) (Interpreting § 3663(a)(3) and stating that it "unambiguously permits the parties to agree that the court may order restitution and imposes *no restrictions or qualifications* on such agreement.") (emphasis added); *United States v. Guthrie*, 64 F.3d 1510, 1514 (10th Cir. 1995) ("Congress was very specific when it stated that Subsection (a)(1) applied to 'offense[s] under this title or section 46312, 46502, or 46504 of title 49.' It placed no such limitations on the application of Subsection (a)(3).") (internal citations omitted); *United States v. Soderling*, 970 F.2d 529, 534 (9th Cir. 1992) ("the Soderlings fail to realize the full breadth of new section 3663(a)(3) …

7

whereas section 3663(a)(1) is limited to restitution for offenses under title 18 or section 1472 of title 49, section 3663(a)(3) *applies to offenses under any title of the United States Code*.") (emphasis added).

Subsection 3663(b)(2) does nothing to alter the plain meaning of § 3663(a)(3). Though Sullivan reads the enumeration of Chapters 109A and 110 in that section as excluding restitution under the VWPA for an offense under Chapter 117, that section contains no such express limitation. Subsection 3663(b)(2) reads: "The court may require that such defendant … in the case of an offense resulting in bodily injury to a victim *including* an offense under chapter 109A or chapter 110 …." *Id.* § 3663(b)(2) (emphasis added). The use of the term "including" before listing "chapter 109A or chapter 110" in this section is most naturally read as expressly *including* offenses within Chapters 109A and 110 but not expressly *limiting* § 3663(b)(2) to offenses contained in those chapters. *See, e.g.*, *Samantar v. Yousuf*, 560 U.S. 305, 317 n. 10 (2010) (citing 2A N. Singer & J. Singer, Sutherland on Statutory Construction § 47.7, p. 305 (7th ed. 2007) ("[T]he word 'includes' is usually a term of enlargement, and not of limitation")). Sullivan's interpretation would render the word "including" superfluous. *See, e.g.*, *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys.*, Inc., 563 U.S. 776, 788 (2011) (interpreting a statute to avoid treating statutory terms as surplusage). But more importantly, even if § 3663(b)(2) was expressly limited to offenses under Chapters 109A and 110, that section still has nothing to say about restitution pursuant to a "plea agreement" "in any criminal case." 18 U.S.C. § 3663(a)(3).

History is also instructive here. The Sixth Circuit has explained that Congress amended the VWPA in 1990 to add what is now § 3663(a)(3) to supersede the Supreme Court's decision in *Hughey v. United States*, 495 U.S. 411 (1990). *United States v. Tunning*, 69 F.3d 107, 116 (6th Cir. 1995). In *Hughey*, the Supreme Court held that the VWPA authorized a sentencing court to

8

order restitution "only for losses caused by the conduct underlying the offense of conviction." 495 U.S. at 416. Immediately following *Hughey*, "Congress amended the VWPA to allow sentencing courts to order restitution for conduct that was not the basis of the offense of conviction when the defendant agreed to this as a term in a plea agreement." *Tunning*, 69 F.3d at 116; *see also United States v. Guardino*, 972 F.2d 682, 687 (6th Cir. 1992) ("A House report noted that the 1990 legislation 'amends 18 U.S.C. § 3663(a) *to permit* the court to order restitution to the extent that the parties have agreed to restitution in a plea agreement.' H.Rep. No. 681(I), 101st Cong., 2d Sess. 177, *reprinted in* 1990 U.S.C.C.A.N. 6472, 6583 (emphasis added). By inference, prior to the amendment, courts were not permitted to order such restitution.").

In sum, the Court has authority under 18 U.S.C. § 3663(a)(3) to order Sullivan to pay restitution "to the extent agreed to by the parties" in the plea agreement. Because the Court's authority under § 3663(a)(3) is apparent, it need not address Sullivan's arguments regarding restitution under § 2259 or § 3663A.

### 2. Objection to Amount of Restitution

The Court now turns Sullivan's objection regarding the amount of restitution he should pay. Jane Doe and the Government request that Sullivan be apportioned $50,000 of Jane Doe's total damages, while Sullivan contends that he can only be held responsible for a much lower amount.

The Court will order restitution "to the extent agreed to by the parties" in the plea agreement. 18 U.S.C § 3663(a)(3). Orders of restitution under § 3633 "shall be issued and enforced in accordance with section 3664." *Id.* § 3663(d). Under § 3664(f)(1)(A), "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." *Id.* Because

this is a case involving more than one defendant, the Court has discretion to either (1) hold Sullivan jointly and severally liable for the full amount of restitution owed to the victim; or (2) apportion restitution and hold Sullivan and the other Defendants responsible only for each's individual contribution to the victim's total losses. *Id.* § 3664(h).

The restitution provision in Sullivan's plea agreements provides:

> "Restitution. The defendant understands that he will be required to pay full restitution to the victim(s) of the offense to which he is pleading guilty. The defendant agrees that, in exchange for the U.S. Attorney's Office's compliance with its obligations under this agreement, the Court may also order that he pay restitution to persons other than the victim(s) of the offense to which the defendant is pleading guilty. In particular, the defendant agrees to pay restitution to any victim of any other child pornography or child exploitation offenses that became known to the government during the course of the investigation into the offense of conviction. The defendant further agrees that he will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding."

(ECF No. 124 at ¶7.) This provision makes clear that Sullivan agreed to pay "full restitution to the victim(s)" of his offense. When Sullivan agreed to pay restitution to the "victim(s)" of his offense, Sullivan understood that Jane Doe was the sole victim of his offense. Jane Doe now seeks the restitution Sullivan agreed to pay in the plea agreement. And § 3663(a)(3) empowers to the Court to prevent Sullivan from reneging on this agreement.

Jane Doe and the Government have requested $411,000 in total restitution from the four Defendants. Jane Doe and the Government also request that the Court apportion liability for the $411,000 among each Defendant relative to his causal role in Jane Doe's total damages. No Defendant objects to this calculation. All defendants in this case agreed to restitution in their plea agreements, and the Court has already authorized an Agreed Order ordering Defendant Weekley to pay $200,000 of this total. (Case No. 2:18-cr-0027(1), ECF No. 245.) The Court agrees that apportionment of the $411,000 among each defendant is appropriate.

10

Regarding Sullivan, Jane Doe and the Government argue that $50,000 fairly reflects Sullivan's causal role in Jane Doe's damages. Sullivan does not object to the total amount of restitution calculated; however, Sullivan objects that he is responsible for $50,000 of the total amount. (ECF No. 235 at 11.) Sullivan instead argues that, if the Court decides to order him to pay restitution, a total of between $2000 and $3,500 is more appropriate. (*Id.* at 24.) The Court disagrees with Sullivan.

Sullivan argues that the Court must disaggregate Jane Doe's injuries resulting from the sexual abuse perpetrated by Weekley and Perry from the injuries suffered from Sullivan's attempted coercion/enticement. (*Id.* at 11–21.) Sullivan's argument relies on *Paroline v. United States*, 572 U.S. 434 (2014). The Court in *Paroline* addressed how a district court should calculate restitution under § 2259 when "but-for causation cannot" be shown because the defendant is "one of thousands of anonymous possessors" of a child-victim's pornographic images. *Id.* at 450. In cases where the defendant is but one of thousands of anonymous possessors of the same images, the defendant cannot be held liable in restitution for "the conduct of thousands of geographically and temporally distant offenders acting independently, and with whom the defendant had no contact." *Id.* at 455. Instead, a defendant in this circumstance can be held responsible for only the harm proximately caused by his possession of the illegal images, which a district court must determine by referencing several "rough guideposts." *Id.* at 457–60.

*Paroline* is of no consequence here. As a procedural matter, the Court in this case is ordering Sullivan to pay restitution under § 3663(a)(3) pursuant to a plea agreement for attempted enticement/coercion—*Paroline*, by contrast, concerned mandatory restitution under § 2259 for possession of child pornography. As a practical matter, Sullivan was not one of thousands of downstream viewers of Jane Doe's images. Sullivan had direct contact with Weekley, Jane Doe's

11

principal abuser. Sullivan acted in concert with Weekley to abuse Jane Doe. Sullivan encouraged Weekley to show Jane Doe explicit photos of Sullivan and elicited photos directly from Weekley depicting Weekley's horrific abuse of Jane Doe. Worst of all, Sullivan sought to meet up with Weekley to personally join Weekley in sexually abusing Jane Doe in ways Sullivan described in graphic detail. And these were not half-hearted attempts. Sullivan told Weekley: "I am committed to doing this if you'll allow me. I am 100% for real and I'm not living in a fantasy world. I want to do this." (Plea Agreement, ECF No. 124 at 10.) Put simply, this case is far cry from the case of "anonymous possessors" of child pornography with "thousands of geographically and temporally distant offenders acting independently, and with whom the defendant had no contact." *Id.* at 450, 455. Thus, *Paroline* does not guide the Court's apportionment of restitution here. Sullivan is responsible for more than a *de minimis* share of Jane Doe's harm.

### B. Apportionment of Restitution Among Perry, Perkins, and Sullivan

The Court now turns to apportioning restitution among Perry, Perkins, and Sullivan. Jane Doe and the Government recognize that Sullivan and Perkins' relative role in Jane Doe's harm is less than that of Weekley and Perry, both of whom physically abused Jane Doe. Weekley, Jane Doe's principal abuser is responsible for roughly half of Jane Doe's damages. As discussed above, the Court has already ordered Weekley to pay $200,000 of the $411,000 total requested. That leaves $211,000 to be apportioned among Perry, Sullivan, and Perkins.

Perry, who engaged in sexual abuse of Jane Doe on one occasion, is the next step down from Weekley on the ladder of responsibility. Jane Doe and the Government have requested that the Court hold Perry responsible for roughly a quarter of Jane Doe's total harm. Perry does not object. Pursuant to Perry's plea agreement and § 3663(a)(3), the Court orders Perry to pay $111,000 in restitution to Jane Doe.

That leaves $100,000 remaining, roughly a quarter of Jane Doe's total damages. The Court agrees with Jane Doe and the Government that Sullivan and Perkins should split this amount evenly. Sullivan and Perkins actively encouraged Jane Doe's abuse and sought to join the abuse but, unlike Perry, were unsuccessful in their attempts. Because Perkins was convicted of Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2), restitution is mandatory under 18 U.S.C § 2259. Perkins also agreed to restitution in his plea agreement and does not object to restitution. Therefore, the Court orders Perkins to pay $50,000 in restitution to Jane Doe. And consistent with the Court's discussion above, the Court orders Sullivan to pay $50,000 in restitution to Jane Doe.

Apportioning restitution is not an exact science. But the Court concludes that the apportionment ordered herein best captures the percentage of Jane Doe's total harm for which each Defendant is responsible. The Court also considered each Defendant's role in the abuse when sentencing each Defendant. The following table illustrates how the relative amount of restitution apportioned to each Defendant is consistent with relative length of sentence the Court imposed:

| Defendant | Sentence | Apportionment | Percentage |
|---|---|---|---|
| Weekley | 480 months | $200,000 | 48.6% |
| Perry | 288 months | $111,000 | 27% |
| Perkins | 138 months | $50,000 | 12.2% |
| Sullivan | 138 months | $50,000 | 12.2% |

### III.

**IT IS THEREFORE ORDERED** that Defendants Perry, Perkins, and Sullivan in accordance with the terms of their plea agreements, are responsible for a portion of the total harm/losses suffered by Jane Doe, which total approximately $411,000. In accordance with each

13

Defendant's relative causal role in Jane Doe's total damages, the Court orders Defendants to pay restitution in the following amounts:

Defendant Perry is **ORDERED** to pay restitution to Jane Doe in the amount of $111,000. (Case No. 2:18-cr-0027(3)).

Defendant Perkins is **ORDERED** to pay restitution to Jane Doe in the amount of $50,000. (Case No. 2:18-cr-0027(4)).

Defendant Sullivan is **ORDERED** to pay restitution to Jane Doe in the amount of $50,000. (Case No. 2:18-cr-0027(2)).

Restitution shall be paid to the Clerk of the United States District Court for the Southern District of Ohio, and shall then be distributed to Jane Doe's representative in the following manner: to Margaret Mabie, Marsh Law Firm, PLLC, in trust for "Tina." The appropriate mailing address is: Marsh Law Firm PLLC, ATTN: Tina, Box 4668 #65135 New York, NY 10163-4668.

**IT IS SO ORDERED.**

**11/2/2020**　　　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**