UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**TIMOTHY SULLIVAN,**

      **Defendant.**

Case No. 2:18-cr-27(2)
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Timothy Sullivan's Motion for Extension of Time to File Notice of Appeal (ECF No. 274), Motion to Appoint Counsel (ECF No. 275), Motion for Compassionate Release and Request to Appoint Counsel (ECF No. 282), and Motion to Compel the Court (ECF No. 286). For the following reasons, Defendant's motions are **DENIED** and **DENIED AS MOOT**.

### I. BACKGROUND

On April 2, 2019, Defendant pled guilty to Attempted Coercion or Enticement of a Minor to Engage in Illegal Sexual Activity, in violation of 18 U.S.C. § 2422(b). (Change of Plea Minute Entry, ECF No. 126.) Defendant appeared for sentencing on November 7, 2019. (Sentencing Minute Entry, ECF No. 207.) This Court sentenced Defendant to a 138-month period of incarceration followed by a seven-year term of supervised release. (*Id.*)

On September 3, 2020, Defendant filed a motion for compassionate release. (ECF No. 253.) He stated that his hypertension, hyperlipidemia, hematuria, and other medical conditions exposed him to a high risk of contracting COVID-19. (*Id.* at 2–17.) The Court denied his request for compassionate release because even if he presented an extraordinary and compelling reason

for release, he remained a danger to the community and the nature and circumstances of his offense were too severe to warrant such an early release. (Op. & Order at 5-7, ECF No. 273.)

On December 10, 2020, after the Court's order on Defendant's motion for compassionate release, Defendant filed a motion for extension of time to appeal the order (ECF No. 274) and a motion to appoint counsel (ECF No. 275). The Court of Appeals for the Sixth Circuit affirmed this Court's decision denying compassionate release. (ECF No. 278.) On October 28, 2021, Defendant renewed his request for compassionate release and to appoint counsel. (ECF No. 282.) The Government filed a response in opposition to the motion. (ECF No. 283.) Defendant also filed a motion to compel the Court to review his motion for compassionate release on April 20, 2022. (ECF No. 286.) Defendant's motions are ripe for review.

## II.     STANDARD

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term

2

>
> of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 978 F.3d at 1006. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1007. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1008. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III. MOTION FOR COMPASSIONATE RELEASE

Defendant seeks compassionate release on nearly identical grounds as his previous motion filed on September 3, 2020. Defendant contends that his worsening medical conditions and lack of care in the Bureau of Prisons present extraordinary and compelling reasons for release. (ECF

3

No. 282.) The Court previously denied release because the §3553(a) factors weighed against release even if there was an extraordinary and compelling reason for release. (Op. & Order at 5, ECF No. 273.) In the instant motion, Defendant argues, again, that he has an extraordinary and compelling reason for release but does not argue how the § 3553(a) factors warrant his release. The Court finds that those factors still weigh against Defendant's release.

> The § 3553(a) sentencing factors include:
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

§ 3553(a).

The nature and circumstances of Defendant's serious offense and his history and characteristics have not changed since the Court's prior opinion. Defendant attempted to coerce a minor to engage in sexual activities with him, viewed pictures of the minor's past abuse, and encouraged other adults to further abuse the minor. Defendant's early release at this time would not "reflect the seriousness of the offense" or "provide just punishment" because Defendant has not served even half of his 138-month sentence. *See Ruffin*, 978 F.3d at 1008. Thus, the § 3553(a) factors weigh strongly against early release.

### IV. MOTION TO APPOINT COUNSEL

Prisoners are not entitled to assistance of counsel for motions for post-conviction relief. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). District courts have discretion whether to appoint counsel to a prisoner seeking compassionate release and should appoint counsel only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th

Cir. 1986). In exercising their discretion, courts should consider factors such as the nature of the case, whether issues are legally or factually complex, and the litigant's ability to present claims for relief to the court. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

There are no compelling reasons for appointing counsel in this case. Defendant was represented by counsel for his previous motion for compassionate release and the Court still found that he was not entitled to compassionate release. Additionally, the facts in the case are not so complex to warrant assistance of counsel. Defendant's motions indicate that he is able to present his claims for relief to the Court. The Court will not appoint counsel at this time.

## V. CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release and to appoint counsel (ECF No. 282) and motion to appoint counsel (ECF No. 275) are **DENIED**, and Defendant's motion to compel (ECF No. 286) and motion for extension of time to appeal (ECF No. 274) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**5/24/2022**                                           s/Edmund A. Sargus, Jr.
**DATE**                                                 **EDMUND A. SARGUS, JR.**
                                                         **UNITED STATES DISTRICT JUDGE**