**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**TIMOTHY SULLIVAN,**

    **Defendant.**

Case No. 2:18-cr-27(2)
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Timothy Sullivan's Motion for Compassionate Release and Request to Appoint Counsel (ECF Nos. 289, 290). For the following reasons, Defendant's motions are **DENIED**.

### I.  BACKGROUND

On April 2, 2019, Defendant pled guilty to Attempted Coercion or Enticement of a Minor to Engage in Illegal Sexual Activity, in violation of 18 U.S.C. § 2422(b). (Change of Plea Minute Entry, ECF No. 126.) Defendant appeared for sentencing on November 7, 2019. (Sentencing Minute Entry, ECF No. 207.) This Court sentenced Defendant to a 138-month period of incarceration followed by a seven-year term of supervised release. (*Id.*)

On September 3, 2020, Defendant filed a motion for compassionate release. (ECF No. 253.) He stated that his hypertension, hyperlipidemia, hematuria, and other medical conditions exposed him to a high risk of contracting COVID-19. (*Id.* at 2-17.) The Court denied his request for compassionate release because even if he presented an extraordinary and compelling reason for release, he remained a danger to the community and the nature and circumstances of his offense were too severe to warrant such an early release. (Op. & Order at 5-7, ECF No. 273.) The Court

of Appeals for the Sixth Circuit affirmed this Court's decision denying compassionate release. (ECF No. 278.)

On October 28, 2021, Defendant renewed his request for compassionate release and sought the appointment of counsel, which the Court denied. (ECF No. 287.) In his renewed request for compassionate release, Defendant reiterated his position that his worsening medical conditions and lack of care in the in the Bureau of Prisons presented extraordinary and compelling reasons for release. (*Id.* at 3.) The Court, however, denied his renewed request, explaining that the § 3553(a) factors weighed against his release. And in denying his motion to appoint counsel, the Court declined to appoint counsel on three grounds: (1) Defendant was represented by counsel for his previous motion for compassionate release and the Court still found that he was not entitled to compassionate release, (2) the facts at issue were not sufficiently complex to warrant assistance of counsel, and (3) Defendant's motions indicated that he could adequately present his claims for relief to the Court. (*Id.* at 5.)

On May 26, 2023, Defendant, proceeding pro se, once again moved the Court for an order granting him compassionate release and counsel. (ECF Nos. 289, 290.) The Government filed a response in opposition to these motions. (ECF No. 291.) Defendant's motions are ripe for review.

## II. STANDARD

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 978 F.3d at 1006. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1007. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a).

3

*Ruffin*, 978 F.3d at 1008. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III. MOTION FOR COMPASSIONATE RELEASE

Defendant moves the Court for a compassionate release. There is no dispute that Defendant has satisfied the administrative exhaustion requirement. Defendant submitted his request for compassionate release to the warden at his institution, and it was denied on June 1, 2022. (Ex. 105 to Def.'s Mot., ECF No. 289.) Accordingly, the Court has jurisdiction to consider Defendant's motion.

Defendant seeks compassionate release on largely similar grounds as his previous motion filed on October 28, 2021. Defendant contends that his worsening medical conditions and lack of care in the Bureau of Prisons present extraordinary and compelling reasons for release. (ECF No. 289.) Defendant also argues that compassionate release is appropriate so that he can take care of his mother, who is currently in assisted living, as well as his aunt, whose husband is currently dying of dementia. (*Id.*)

The Court previously denied release because the §3553(a) factors weighed against release even if there was an extraordinary and compelling reason for release. (Op. & Order at 5, ECF No. 273.) The Court does so again here.

The § 3553(a) sentencing factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

§ 3553(a).

The nature and circumstances of Defendant's serious offense and his history and characteristics remain unchanged since the Court's prior opinion. Defendant attempted to coerce a minor to engage in sexual activities with him, viewed pictures of the minor's past abuse, and encouraged other adults to further abuse the minor.

Defendant seeks to minimize the depravity of his offense by distinguishing himself from his co-defendant, Mr. Weekley. (ECF No. 289.) While the Court recognizes that Defendant's text messages are not equivalent to Mr. Weekley's sexual abuse of Jane Doe, this fact does not lessen the gravity of Defendant's conduct. Defendant acted in concert with Mr. Weekley to view pictures of past abuse, encouraged further abuse, and made sincere attempts to sexually abuse Jane Doe himself.

Nor do Defendant's personal history and characteristics weigh in favor of release. As the Court previously held, Defendant's history of gainful employment and low recidivism risk do not outweigh the severity of his offense. (Op. & Order at 7, ECF No. 273.) And to the extent Defendant argues that his medical conditions warrant early release, his medical records reveal that his stage 3 kidney disease has resolved and his other medical issues are well-controlled with medication and supplements. (Ex. A to Gov. Opp'n, ECF No. 291-1.)

Additionally, Defendant's early release at this time would not "reflect the seriousness of the offense" or "provide just punishment" because Defendant has served only 63 months of his 138-month sentence—less than half of the 138-month sentence that the Court found appropriate at the time of sentencing. Furthermore, Defendant can receive sex offender treatment at FCI Elkton, which would serve to rehabilitate Defendant and lower his risk of recidivism upon his eventual release. Thus, the § 3553(a) factors weigh strongly against early release, and therefore Defendant is not entitled to compassionate release under § 3582(c)(1)(A).

## IV. MOTION TO APPOINT COUNSEL

Prisoners are not entitled to assistance of counsel for motions for post-conviction relief. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). District courts have discretion whether to appoint counsel to a prisoner seeking compassionate release and should appoint counsel only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). In exercising their discretion, courts should consider factors such as the nature of the case, whether issues are legally or factually complex, and the litigant's ability to present claims for relief to the court. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

The Court, once again, finds the absence of compelling reasons for appointing counsel in this case. Defendant was represented by counsel for his previous motion for compassionate release and the Court still found that he was not entitled to compassionate release. Additionally, the facts in the case are not so complex as to warrant assistance of counsel. And Defendant's motions indicate that he is able to present his claims for relief to the Court. Accordingly, the Court will not appoint counsel at this time.

## V. CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release and to appoint counsel are **DENIED**. (ECF Nos. 289, 290.)

**IT IS SO ORDERED.**

_____       _____
**DATE**                             **EDMUND A. SARGUS, JR.**
                                     **UNITED STATES DISTRICT JUDGE**